Tibbs v De'Longhi Am. Inc. (2025 NY Slip Op 00033)

Tibbs v De'Longhi Am. Inc.

2025 NY Slip Op 00033

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 150421/19 Appeal No. 3244 Case No. 2023-05329 

[*1]Kevin R. Tibbs, et al., Plaintiffs-Appellants,
v
De'Longhi America Inc., et al., Defendants-Respondents.

The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), for appellants.
Biedermann Hoenig Semprevivo, New York (Philip C. Semprevivo of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered October 6, 2023, which denied plaintiffs' motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
This personal injury action stems from a motor vehicle accident that occurred on July 20, 2018, at approximately 10:55 p.m., near the intersection of West Street and North Moore in Manhattan. Plaintiff Lydia Cross was the front seat passenger and owned the vehicle that was driven by her son, plaintiff Kevin R. Tibbs. Defendant Viktoria Rogulska was driving her employer, codefendant De'Longhi America Inc.'s corporate car.
After completion of discovery, plaintiffs moved for partial summary judgment on the issue of liability arguing that the deposition testimony established Rogulska failed to safely change lanes in violation of Vehicle and Traffic Law § 1128(a). Defendants opposed the motion arguing that in this side swipe collision there are issues of fact, due to conflicting testimony, as to whether plaintiffs' vehicle was traveling straight ahead in the second lane from the right or veered into the same lane that defendants' vehicle had been entering and struck defendants' vehicle. Supreme Court denied plaintiffs' motion for partial summary judgment and determined that plaintiffs failed to meet their prima facie burden, and we agree. According to the parties' testimony, defendants' vehicle merged into an empty lane, which gives rise to an inference in defendants' favor that, as they argue, the two vehicles simultaneously merged into the same lane (see generally De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]). Thus, plaintiffs failed to establish that defendants violated Vehicle and Traffic Law § 1128 so as to render defendants liable as a matter of law (cf. Mora v Branker, 223 AD3d 624 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025